FILED
MAR - 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JOHN CERRELLA,
Reg. #98121-131
FCI Elkton
P.O. Box 10
Lisbon OH 44432

   Petitioner,

-vs-

HARLEY G. LAPPIN,
Director,
BUREAU OF PRISONS,

   Respondent.

CASE NUMBER  1:06CV00438

JUDGE: Reggie B. Walton

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 03/9/2006

PETITION FOR WRIT OF HABEAS CORPUS
AND/OR DECLARATORY JUDGMENT
WITH INCORPORATED MEMORANDUM OF LAW

  COMES NOW the Petitioner, JOHN CERRELLA, in propria personam, sui juris, acting as his own counsel, and files this his Petition for Writ of Habeas Corpus and/or Declaratory Judgment with an Incorporated Memorandum of Law. in support of which he states as follows:

I. JURISDICTION

  1. This is an action to set aside an agency action pursuant to the Administrative Procedure Act, Title 5 U.S.C. §§701-706. The Petitioner also seeks correction of the government records pursuant to the Privacy Act, Title 5 U.S.C. §552 et. seq. This court has jurisdiction pursuant to Title 28 §§2201 and 2241. Petitioner also invokes this Court's jurisdiction pursuant to

-1-

Administrative Procedure Act, Title 5 U.S.C. §701 et seq., and Title 28 §§1331 and 1346(a)(2).

## II. PARTIES

2. Petitioner, **JOHN CERRELLA**, is a citizen of the United States in the custody of the Federal Bureau of Prisons and incarcerated at the Federal Correctional institution in Elkton, Ohio.

3. Defendant, **HARLEY G. LAPPIN**, is the Director of the Bureau of Prisons which is an Executive Department of the United States. The agency maintains a system of records containing information pertaining to the Petitioner.

4. The Defendant is sued in his individual capacity and his official capacity as a custodian of records containing inaccurate and damaging information about the Petitioner, and as an official of the agency in which those records are located.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On May 23, 2005, Petitioner filed an informal resolution form (BP-8½) to try to correct inaccuracies in his BOP records and have his security level corrected. Informal Resolution was not accomplished and on May 23, 2005 the Petitioner was advised to proceed to the next step. (Ex.A)

6. On May 26, 2005, Petitioner filed a Request for Administrative Remedy (BP-9) formally challenging the inaccurate data maintained in his Central file as maintained by the BOP and the adverse actions taken against him as a result of the inaccurate records. (Ex. B) By response dated June 17, 2005,

the request was denied. (Ex. C)

7. On June 20, 2005, the Petitioner filed a Regional Administrative remedy Appeal (BP-10). (Ex. D). By Response dated July 21, 2005, the Petitioner's appeal was denied. (Ex. E).

8. On August 16, 2005, the Petitioner filed a Central Office Administrative Remedy Appeal (BP-11). (Ex.F). By Response dated November 3, 2005, the Petitioner's appeal was denied. (Ex. G).

## IV. STATEMENT OF THE FACTS

9. On March 20, 2003, the Petitioner appeared in the United States District Court for the Eastern District Court of New York and entered a plea of guilty one count of Racketeering and one count of Witness Tampering. (Case No. CR-02-1399).

10. On September 17, 2003, the Petitioner was sentenced to a 96 month term of incarceration in the custody of the Bureau of Prisons.

11. Prior to imposing the sentence the trial court ruled on several objections to the Pre-Sentence Investigation Report ("PSI"). At that time the trial court ordered that the PSI be revised to show that there was no actual threat of physical harm only implied threats.

12. Despite the trial court's ruling the BOP maintains in its system of records a copy of the PSI which indicates that the Petitioner made threats against a witness.

13. As a resulted of the inaccurate records the Petitioner's Unit Team have denied him a reduction in custody and camp placement.

## FIRST CAUSE OF ACTION

14. Petitioner reavers and realleges the allegations contained in paragraphs 9-13, inclusive.

15. The inaccurate data contained in the Petitioner's inmate Central file was ordered corrected by the trial judge. The Petitioner notified the BOP staff of this matter. Instead of returning the PSI to the Probation Officer for correction the staff utilized the inaccurate data to make adverse determinations affecting the Petitioner's security level and facility placement.

16. The Respondent has not maintained the agencies records with such accuracy as is reasonably necessary to assure fairness to the Petitioner. As such, he has violated the provisions of the Privacy Act, 5 U.S.C. §552a(e)(5).

17. The Respondent has willfully and intentionally failed to maintain accurate records about the Petitioner.

18. The Respondents' failure to maintain accurate records has resulted in adverse determinations being made relating to Petitioner's security level, character, rights and opportunities.

19. As a result of the Respondents' violation of the provisions of the Privacy Act, the Petitioenr has suffered actual damages including, but not limited to, injury to reputation, denial of a custody reduction and camp placement.

20. The Respondents' failure to maintain accurate records is subject to determination by the Court pursuant to the provisions of 5 U.S.C. §§552a(g)(1)(C) and (g)(4).

## SECOND CAUSE OF ACTION

21. Petitioner reavers and realleges the allegations contained in paragraphs 9-13, inclusive.

22. The Respondents' action, entering derogatory and flagrantly prejudicial allegations about Petitioner in to Petitioners' file even though the trial court made a judicial ruling that no actual threats were made was arbitrary, capricious and an abuse of discretion.

## V. RELIEF

**WHEREFORE**, Petitioner demands:

a. A declaratory judgment and injunction ordering the Respondent to return the PSI maintained in the Petitioner's Central file to the Probation Officer for correction in accordance with the order of the Honorable Nicholas G. Garaufis, U.S.D.J.

b. A declaratory judgment and injunction ordering the Respondent to amend the Petitioner's records to eliminate any reference to actual threats.

c. A declaratory judgment and injunction ordering the Respondent to correctly score the Petitioner's security without the inaccurate records reflecting the use of any threat of harm.

d. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ John Cerrella
John Cerrella

-5-

## CERTIFICATE OF SERVICE

I **DO HEREBY CERTIFY** that a true and correct copy of the foregoing has been forwarded by U.S. Mail, postage pre-paid, to: General Counsel, BOP-Central Office, 320 First Street, N.W., Washington, D.C. 20530 on this the 24th day of February, 2006.

*John Cerrella*
John Cerrella
Reg. #98121-131
FCI Elkton
P.O. Box 10
Lisbon OH 44432
(330) 424-7448

ELK 1330.13
April 08, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

---

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _____

INMATE'S NAME: John Cerrella   NO. 98121-131   UNIT BA

1. Specific Complaint: The case manager is erroneously using information not on my record to miscalculate my custody classification points, to wit, that I have "actual threat of violence" in my criminal case which causes my points to be rated at "Greatest Severity."

2. Relief Requested: Based on the clarification in my Presentence Report by the Sentencing Judge, that no actual threat of violence existed, my record must be corrected to reflect "No Threat of Violence," and my security points must be adjusted to delete the notation, "Greatest severity," and instead replaced with such notation as "High Severity."

3. Date/Time Complaint received from inmate: 5-3-5

4. Date/Time Informally discussed with inmate: 5-23-5

5. Staff Response: SEE ATTACHED RESPONSE

6. Date Administrative Remedy provided: 5-23-5

7. Informal Resolution was / was not accomplished

_John Cerrella_ 98121-131    5/7/05
Inmate's Signature/Register No.    Date

_____    5-23-5
STAFF MEMBER'S NAME & TITLE    DATE

_____    5-23-05
UNIT MANAGER'S SIGNATURE    DATE

06 0438

**FILED**

MAR - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DISTRIBUTION:** If complaint is informally resolved before being receipted, Correctional Counselors shall maintain informal resolution form for future reference. If complaint is not informally resolved, forward original resolution form, attached to administrative remedy, to the Administrative Remedy Clerk.

Ex. A

Cerrella, John
Reg. No.: 98121-131
Qtr: B/A

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, states "an inmate will receive a Public Safety Factor of Greatest Severity for Extortion if there were weapons or threats of violence. A review of file material reveals that no weapons were used in the commission of the instant offense, however, the Extortion was conducted under the threat of physical harm. Additionally, at the time of sentencing the court indicated that the statement referring to the threat of physical harm will be deleted and replaced with an implied threat. However, in determining an inmates Severity of his instant offense staff must use the more severe documented behavior, which is the threat of physical harm. Based on this information The Public Safety Factor of Greatest Severity is appropriately applied and a waiver is not warranted. Additionally, you are currently being housed in the lowest security level facility for your assessed security needs.

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Cerrella, John** | **98121-131** | **Beta** | **FCI Elkton**
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST** This is a challenge to the scoring of my BP-15. Mr. Sweeney is scoring me as Greatest Severity for threats of violence. This scoring is inaccurate. At my sentencing hearing my attorney specifically objected to the statement in the PSR regarding threats of physical harm. At that time the judge ruled in my favor and ordered that the PSR be revised. A review of the sentencing hearing transcript shows that my attorney states as his number one objection "[T]here was no actual threat of physical harm. I don't think that was ever in dispute that there was no actual threat." The court made a judicial finding as to that effect and ordered that the PSR be revised. Mr. Sweeney is in effect making a finding contrary to the court's judicial finding that there was no actual threat involved in my case. As a result of this action I am being denied Minimum custody and camp placement. BOP staff do not have the authority to overrule the judicial findings of the court. This is clearly arbitrary and capricious. Under Federal Rule of Criminal Procedure 32 the trial court is charged with resolving disputes regarding the PSR. The BOP clearly has no authority to revisit those findings or make any findings of its own absent statutory authority. Based on the foregoing I am requesting that my BP-15 be corrected and the Greatest Severity removed. This will result in my custody level being reduced to Minimum. Based on this I am requesting camp placement.

5/26/05
DATE | SIGNATURE OF REQUESTER

**Part B- RESPONSE**

06 0438

**FILED**

MAR - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6/17/05
DATE | WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE | CASE NUMBER: 317765-F1

Ex. B

CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

5-31-05 / 6-8-05
DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN
BP-229(13)
APRIL 1982

REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

Cerrella, John
Reg. No.: 98121-131
Remedy I.D.: 377765-F2
Qtr: B/A

This is in response to your Request for Administrative Remedy receipted June 8, 2005, in which you indicate that you have a Public Safety Factor (PSF) of Greatest Severity. Additionally, you request that this be removed from your Custody Classification Form, as this PSF is not warranted.

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, states "an inmate will receive a PSF of Greatest Severity for Extortion if there were weapons or threats of violence." A review of file material reveals that no weapons were used in the commission of the instant offense. However, the Extortion was conducted under the threat of physical harm. Additionally, at the time of sentencing, the court indicated that the statement referring to the threat of physical harm will be deleted and replaced with an implied threat. However, in determining an inmate's severity of the instant offense, staff must use the more severe documented behavior, which is the threat of physical harm. Based on this information, the PSF of Greatest Severity is appropriately applied. Additionally, you are currently being housed in the lowest security level facility for your assessed security needs.

Based on the above, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Northeast Region, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106, within 20 calendar days of the date of this response.

_____     6/17/05
T. R. Sniezek, Warden          Date

06 0438

FILED

MAR - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex. C

U.S. Department of Justice

Regional Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Cerrella, John__  __98121-131__  __B-A__  __FCI Elkton__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL** This is an appeal to the denial of an Administrative Remedy. I have challenged the scoring of my BP-15. Specifically the scoring of a Public Safety Factor of Greatest Severity. P.S. 5100.07 states "an inmate will receive a PSF of Greatest Severity for Extortion if there were weapons or threats of violence." A review of the attached portion of my sentencing hearing reveals that the trial court made a judicial finding that there was "no evidence of ... an actual threat..." In his response Warden Sniezek asserts that staff "must use the more severe documented behavior, which is the threat of physical harm." This statement is erroneous. There is no documented behavior that reflects the threat of physical harm. The District Judge made a judicial finding that there was no actual threat and ordered that the presentence report be revised to remove the remark about an actual threat. Staff cannot overrule the judicial finding of the district court judge. This action is clearly arbitrary and capricious. There is nothing to support the decision of staff and/or Warden Sniezek. No records have been produced to support his claim of documented behavior. Based on the attached transcript documenting the courts finding that there was no actual threat of physical harm, I am requesting that my BP-15 be corrected to reflect High severity and my custody reduced to Minimum-Out. Accordingly I am requesting camp placement.

__6/20/05__   __John Cerrella__
DATE   SIGNATURE OF REQUESTER

Part B—RESPONSE

06 0438

**FILED**

MAR - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____   _____
DATE   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE   CASE NUMBER: __377765-R__

Part C—RECEIPT

CASE NUMBER: __Ex. D__

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

BP-230(13)

CERRELLA, John
Reg. No. 98121-131
Appeal No. 377765-R1
Page One

---

### Part B - Response

You appeal the decision of the Warden at FCI Elkton to score your offense as Greatest Severity. You state Program Statement 5100.07, indicates an inmate will receive a Public Safety Factory (PSF) of Greatest Severity for Extortion if there were weapons or threats of violence. You claim the court made a judicial finding there was no evidence of an actual threat and there is no documented behavior that reflects the threat of physical harm. You feel there is nothing to support the institution's decision and request your Custody Classification form be corrected to reflect High severity, and that your security/custody level be reduced to Minimum, Out.

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, indicates the number of points applied to reflect the severity of the current offense is based on "the most severe documented instant offense behavior." In determining "Severity of Current Offense" staff shall review the Statement of Reasons and ensure the information provided is appropriately used in classifying the inmate. Records indicate you pled guilty to Racketeering and Witness Tampering. A review of your PreSentence Report (PSR) indicates you were a captain, acting captain and soldier in an organized crime family. You were responsible for supervising the criminal activities of your crew and providing crew members and associates with support and protection. In return, you received a share of the earnings of each crew's members and associates. As part of the racketeering scheme, members and associates furthered the criminal activities by threatening economic injury and using and threatening to use physical force, including murder. In addition, you utilized extortion for collection of credit, and you used the implied threat of injury to obtain/maintain influence from a restaurant and an auto repair shop.

06 0438

FILED

MAR - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Appendix B of the above Program Statement states, extortion which involves a weapon or a threat of violence constitutes a "Greatest Severity" offense. Additionally, the Court adopted the factual findings and guideline application in the PSR except the last sentence in paragraph 22: "The threat of physical harm" should be deleted and replaced with "implied threat." We concur with the Warden's assessment and find you are appropriately classified and should maintain the greatest severity offense classification. Accordingly, your appeal is denied.

(Continued on page two)

Ex. E

CERRELLA, John
Reg. No. 98121-131
Appeal No. 377765-R1
Page Two


If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: July 21, 2005

D. SCOTT DODRILL
Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __John Cerrella__  __98121-131__  __B/A__  __FCI Elkton__
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL** This is an appeal of the Regional Director's response to my grievance (B.P. 10). Appendix B (Greatest severity) counsels that if one is convicted of extortion with weapons **or threat of violence,** assign 7 points. At my sentencing, the Judge specifically ordered that "of violence", be deleted from my record, and that only "implied threat" (clearly omitting "of violence") be recorded. This is clear beyond any doubt that if my classification considers "of violence", it does not only rely on erroneous record, but violates my rights to have accurate record kept in my file. If "implied threat" is considered, then it does not conform with Appendix B's counsel to consider "weapons or threats **of violence.**"
My record is best classified under Appendix B(High Severity), and this needs to be corrected to conform with the requirements of Title 5 U.S.C., §552a et seq. (See attached sentencing transcripts). To the extent that the Bureau relies, or is supposed to rely on the most serious documented evidence of a prisoner's activity/conduct, it does not mean that erroneously recorded serious conduct be kept even in the face of the Judge-corrected conduct of the prisoner. As such a correction of my record to reflect High Severity, is in order.

__8-16-05__   __John Cerrella__
DATE         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

06 0438

**FILED**

MAR - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____   _____
DATE                       GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE              CASE NUMBER: __377765-A1__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**
                                        CASE NUMBER: _____

                                                     Ex. F
Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
DATE                       SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                  BP-231(13)
                                                         APRIL 1982

Administrative Remedy No. 377765-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you claim the severity of your current offense is incorrectly scored as Greatest Severity. You request your Custody Classification Form be corrected to reflect High Severity for your current offense.

Our review reveals the Warden and Regional Director adequately responded to the issue raised in your appeal. The issue raised is within the authority of the Warden as set forth in Program Statement (P.S.) 5100.07, <u>Security Designation and Custody Classification Manual</u>. The intent of P.S. 5100.07 is to allow staff to use professional judgment in decisions involving custody classification. P.S. 5100.07 states that total offense behavior is to be used when determining an inmate's current offense. P.S. 5100.07 further stipulates that an inmate's offense behavior that involved extortion which included a weapon or threat of violence shall be scored in the Greatest Severity category.

As detailed in the Warden and Regional Director's responses, your Presentence Investigation Report (PSI) reflects you demonstrated behavior during your instant offense that is considered Greatest Severity pursuant to P.S. 5100.07. Specifically, your instant offense of Racketeering and Witness Tampering involved threatening economic injury and using and threatening to use physical force, including murder. Additionally, you utilized extortion for collection of credit and used the implied threat of injury to obtain/maintain influence from a restaurant and auto repair shop. Also, as noted by the Regional Director, your Statement of Reasons reflects the sentencing court adopted the findings of your PSI except the wording "the threat of physical harm" was replaced with "implied threat." Therefore, we find your offense has been correctly scored in the Greatest Severity category.

Accordingly, your appeal is denied.

06 0438

FILED
MAR - 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

November 3, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

Ex. G