UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN CERRELLA, : | |
|     Petitioner, : | Civil Action No. 06-438 (RBW) |
| : | |
| v. : | |
| : | |
| HARLEY G. LAPPIN, : | |
|     Respondent : | |

**RESPONDENT'S MOTION TO TRANSFER
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
AND/OR DECLARATORY JUDGMENT**

    The respondent, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court to transfer petitioner's pro se Petition for Writ of Habeas Corpus and/or Declaratory Judgment to the United States District Court for the Northern District of Ohio. As explained below, if the Court construes the petition as a complaint seeking relief under the Declaratory Judgment and Administrative Procedure Act, the interests of justice and the convenience of the parties will be best served if the Court transfers this matter to the U.S. District Court for the Northern District of Ohio. Alternatively, as also explained below, if the Court construes the petition as a habeas petition, the Court lacks personal jurisdiction over the petitioner's custodian and therefore must transfer the petition to the U.S. District Court for the Northern District of Ohio.

**BACKGROUND**

    On September 17, 2003, in the U.S. District Court for the Eastern District of New York, the petitioner was sentenced to a term of 96 months of incarceration for one count of racketeering and one count of witness tampering. Pet. at p. 3. On February 24, 2006, the petitioner mailed the instant petition. In his petition, the petitioner alleges that the Bureau of Prisons has improperly

determined that the petitioner should receive a public safety factor of the greatest severity in determining his level of custody and placement. Id. at pp. 2-3. The petitioner asserts that the court at the time of his sentencing ordered a correction in his pre-sentence report (PSR); however, the Bureau of Prisons did not utilize the corrected version when assessing his public safety factor. Id. at p. 3. As a result, the petitioner alleges that his public safety factor was designated by the Bureau of Prisons at the "greatest severity" rather than "high severity." Id. at Exhibit A. This purported failure by the Bureau of Prisons to maintain and utilize accurate records has caused the petitioner a denial of placement in a lower security institution and camp. Id. at p. 3.

## ARGUMENT

The petitioner's claims should not be adjudicated in this Court.  The petitioner was not convicted in this Court; he is not incarcerated here; and the documents and witnesses relating to his claim are not located here.

The petitioner states that he seeks relief under a federal habeas provision (28 U.S.C. § 2241) and under the Declaratory Judgment and Administrative Procedure Acts.  He challenges BOP's adherence to its own regulations in assessing his public safety factor which impacts on the type of facility (minimum security and camp placement as opposed to maximum or medium security institution) at which he will serve his sentence.

The petitioner's claims may be construed as non-habeas claims.  Cf. Taylor v. U.S. Probation Office, 409 F.3d 426, 429 (D.C. Cir. 2005) (holding that inmate properly could challenge the location of his confinement via a § 1983 action).  If the Court construes the petitioner's claims as arising under the Declaratory Judgment and Administrative Procedure

Acts, the Court should transfer this matter to the U.S. District Court for the Northern District of Ohio. The petitioner initially could have filed suit in that court because, under the general venue statute, he "resides" at his place of confinement in Ohio. See 28 U.S.C. § 1391(e); In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978) ("for purposes of the general venue statute a prisoner has his residence at his place of confinement"); Starnes v. McGuire, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974) (en banc) (same).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "This provision 'is intended to place discretion in the district court to adjudicate motions to transfer according to an individualized case-by-case consideration of convenience and fairness.'" Joyner v. District of Columbia, 267 F. Supp.2d 15, 20 (D.D.C. 2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)) (second set of quotation marks omitted); see also Rogers v. Federal Bureau of Prisons, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (same).

In deciding whether to grant a motion to transfer pursuant to 28 U.S.C. §1404(a), the Court should examine a number of factors including the prisoner's location, the location of the witnesses and files, the prisoner's ability to confer with counsel, the speed of final resolution, and the interests of justice. Starnes, supra, 512 F.2d at 929-32; see also Nichols v. United States Bureau of Prisons, 895 F. Supp. 6, 8 (D.D.C. 1995); 28 U.S.C. § 1404(a).

Consideration of these factors counsels in favor of transfer of this case to the Northern District of Ohio. The petitioner is incarcerated in a BOP facility located in that district. The D.C. Circuit has noted that "[t]he burdens and dangers involved in transporting a prisoner across long

distances are . . . a significant inconvenience to the Bureau of Prisons and will normally justify transfer." Starnes, supra, 512 F.2d at 931. Moreover, the petitioner did not commit his crimes in the District of Columbia nor was he tried or sentenced here. "[M]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." Id. at 926; see also, Rogers, supra, 257 F.Supp.2d at 148 ("when an inmate not incarcerated in the District of Columbia brings a petition for mandamus or declaratory judgment seeking resolution of issues not related to the District of Columbia, the court should, absent extraordinary circumstances, transfer the action as a matter of course to the district of confinement").

In addition, when the petitioner was transferred to the federal correctional institution in Elkton, Ohio, the files and prison records pertinent to his claims were transferred there. Thus, the documents and a key witness -the petitioner himself - are in Ohio. "In cases in which the plaintiff's claims will require testimony or files that are most easily obtained at or near the place of incarceration, 'the district in which the institution is located will ordinarily be the more convenient forum.'" Joyner, supra, 267 F. Supp.2d at 20-21 (quoting Starnes, 512 F.2d at 931); see also Dominguez v. Bureau of Prisons, 2006 WL 1445041, *4 (D.D.C. May 26, 2006) (transfer to place of petitioner's incarceration warranted when events and witnesses are located at the institution and the implementation of BOP policy took place at the institution). "[B]ecause the implementation of policy is at issue, and because that implementation took place at the [BOP] facility. . ., venue is more appropriately laid" in the jurisdiction where the BOP facility is located. Huskey v. Quinlan, 785 F.Supp. 4, 6 (D.D.C. 1992)(emphasis in original). "Thus, "[a]lthough the

plaintiffs' choice of forum must be given deference, this deference is greatly diminished when the activities have little, if any, connection with the chosen forum." Zakiya v. United States, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) (internal quotation marks and citation omitted).

Finally, while the petitioner currently is proceeding pro se in this matter, the difficulties that he is likely to have if the Court decides to appoint him counsel here also strongly support transfer:

> When a case is litigated in the District of Columbia on behalf of a prisoner in a distant prison, the attorney is necessarily limited to the time-consuming and inefficient communication provided by letters. Although such long-distance consultation may achieve a reasonable development of what the prisoner has defined as his case, it is likely that both important nuances and possible additional issues will be overlooked due to the problems of communication.

Starnes, 512 F.2d at 930.

In sum, transferring this matter to the U.S. District Court for the Northern District of Ohio best suits the convenience of the parties, is likely to result in the speediest resolution of this matter, and is in the interests of justice. Accordingly, if the Court construes the petitioner's petition as a complaint brought under the Declaratory Judgment and Administrative Procedure Acts, the Court should transfer this case to the U.S. District Court for the Northern District of Ohio after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue. Id. at 934-35; see also Montgomery v. United States, 1998 WL 1749286, *2 (D.D.C. June 16, 1998) (relying on Starnes and transferring the case to judicial district of petitioner's confinement where "[t]he question whether plaintiff's claim is properly brought as a petition for habeas corpus, pursuant to 28 U.S.C. § 2241, or as a review of an agency rule making, pursuant to the [Administrative Procedure Act], is a close one").

Alternatively, the petitioner seeks relief under the federal habeas provision, 28 U.S.C. § 2241. The Court may construe the petitioner's suit as an habeas action because his claim relates solely to the execution of his sentence and not the validity of his sentence. Cf. Taylor, 409 F.3d at 430 (holding that inmate properly could challenge the location of his confinement via a § 1983 action, but also noting that "[i]t may well be that habeas is available where a prisoner alleges that he 'is unlawfully confined in the wrong institution'") (quoting Preiser v. Rodriguez, 411 U.S. 475, 486 (1973)). If the Court so construes the petitioner's petition, the Court must transfer the petition to the U.S. District Court for the Northern District of Ohio.

When the petitioner filed his petition, he was incarcerated at the Elkton Federal Correctional Institution in Lisbon, Ohio, and he is still housed there. Thus, his "immediate custodian" is the warden of that federal institution, which is in the Northern District of Ohio. In habeas challenges, the petitioner's immediate custodian is the only proper respondent and jurisdiction lies only in the district of confinement. See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2713 (2004) (the proper respondent in a federal habeas action challenging present physical custody is the warden of the facility where the petitioner is being held); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (stating that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction"), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (the appropriate respondent in a habeas action is the warden of the prisoner who is the prisoner's custodian, not the United States Parole Commission). Accordingly, since the petitioner is presently confined in the Elkton Federal Correctional Institution in Lisbon, Ohio, and is not incarcerated in the District of Columbia, the petitioner's habeas petition cannot

be considered by this Court, because this Court lacks personal jurisdiction over the "person having custody of the person detained," as required by 28 U.S.C. § 2243.

Therefore, the Court should transfer the petitioner's habeas petition to the United States District Court for the Northern District of Ohio, after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988) (en banc) (prior to transfer, the court should provide a habeas petitioner "with notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

## CONCLUSION

Wherefore, for the above stated reasons, the petitioner's petition should be transferred to the United States District Court for the Northern District of Ohio, after giving the petitioner notice of the proposed transfer and an opportunity to respond.[1]

A proposed order is attached.

---

[1] If the Court declines to transfer this matter, the government requests the opportunity to respond on the merits and does not waive any legal or factual defenses.

Respectfully submitted,


KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058


_____/s/_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078


_____/s/_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the United States' Motion to Transfer has been filed electronically with the Court and served by mail upon the petitioner, John Cerrella, Fed. Reg. No. 98121-131, FCI Elkton, Federal Correctional Institution, P.O. Box 10, Lisbon, OH 44432, this 29th day of June, 2006.


_____/s/_____
Sherri L. Berthrong
Assistant United States Attorney