IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN CERRELLA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-438 (RBW) |
| | ) | |
| HARLEY G. LAPPIN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER**

On March 9, 2006, the petitioner, proceeding pro se, filed a Petition for Writ of Habeas

Corpus and/or Declaratory Judgment with Incorporated Memorandum of Law ("Pet."). The

petition seeks relief under the federal habeas provision of the United States Code, 28 U.S.C.

§ 2241 (2000), the Declaratory Judgment Act, 28 U.S.C. § 2201 (2000), and Administrative

Procedures Acts, 5 U.S.C. § 701 (2000) ("APA"). Pet. ¶ 1. On June 29, 2006, in response to the

petition, the respondent filed a Motion to Transfer Petitioner's Petition for Writ of Habeas

Corpus and/or Declaratory Judgment ("Resp. Mot."). On that same day, this Court issued an

Order giving the petitioner until July 21, 2006, to file an opposition to the respondent's motion.

July 21, 2006 Order. This Order made clear that the petitioner's failure to file an opposition

would result in the Court treating the motion as conceded in accordance with Local Rule 7(b) and

transferring the case as requested by the respondent. Id. The petitioner has not filed an

opposition. Accordingly, the Court will transfer the case to the Northern District of Ohio. LCvR

7(b) (providing that if a "memorandum [in opposition] is not filed within the prescribed time, the

Court may treat the motions as conceded"); see Fox v. American Airlines, Inc., 389 F.3d 1291,

1294 (D.C. Cir. 2004); Halmon v. Jones Lang Wootton USA, 355 F. Supp. 2d 239, 243 (D.D.C.

2005).

Even if this Court were to review the merits of the respondent's motion, which it need not

do, the motion would nonetheless be granted.  In this case, the petitioner seeks relief under the

federal habeas statute and the Declaratory Judgement Act and the APA.  Pet. ¶ 1.  Concerning the

request for habeas relief, it is well settled the proper respondent in a habeas action is the

petitioner's "immediate custodian."  See Rumsfeld v. Padilla, 524 U.S. 426, 441-42 (2004);

Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  Here, the petitioner is

incarcerated at the Elkton Federal Correctional Institution in Lisbon, Ohio.  Resp.'s Mot. at 6.

Accordingly, his "immediate custodian" is the warden of that facility, who is in the Northern

District of Ohio.  Because this Court does not have personal jurisdiction over the warden, the

only proper course is to transfer the petition to the United States District Court for the Northern

District of Ohio, the district which can exercise jurisdiction over the warden.  See Dominguez v.

Bureau of Prisons, 2006 WL 1445041 (D.D.C. May 25, 2006); United States v. Tinnen, 2005

WL 3508634 (D.D.C. Dec. 21, 2005); Marshall v. U.S. Parole Commission, 2005 WL 3213902

(D.D.C. Nov. 28, 2005).

While this Court's analysis is different if it construes the petition as seeking non-habeas

relief, the result is the same.  Under this alternative analysis, the Court employs the standard set

out in 28 U.S.C. § 1404(a), the venue provision of the United States Code.  This section provides

that "for the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought."  28

U.S.C. § 1404(a).  This provision "is intended to place discretion in the district court to

adjudicate motions to transfer according to an 'individualized case-by-case consideration of

convenience and fairness.'"  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting

Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  In reviewing whether transfer to another

venue is appropriate, this Court must first determine whether the action could have been brought

in the proposed transferee district.  DeLoach v. Philip Morris Co. Inc., 132 F. Supp. 2d 22, 24

(D.D.C. 2000).  The Court must also consider other factors, such as the interests of the parties

and the public interest.  Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Moreover, deference is typically given to a petitioner's forum choice and the moving party "bears

the burden of demonstrating that transfer pursuant to Section 1404(a) is warranted."

Gemological Inst. of Am. v. Thi-Dai Phan, 145 F. Supp. 2d 68, 71 (D.D.C. 2001).  A petitioner's

choice of forum, however, is not accorded substantial deference where "the [petitioner's] choice

of forum has 'no meaningful ties to the controversy and no particular interest in the parties or the

subject matter' . . . .  Moreover, the [respondent's] burden in a motion to transfer decreases when

the [petitioner's] choice of forum has no meaningful nexus to the controversy and the parties."

Greater Yellowstone Coalition v. Bosworth, 180 F. Supp. 2d 124, 128 (D.D.C. 2001).

     Applying this standard here, and for the reasons set forth below, it is proper to transfer

this case to the Northern District of Ohio.  First, jurisdiction over this case as a non-habeas action

is predicated on the federal question doctrine, as it seeks relief under the Declaratory Judgment

Act and the APA against an officer of the United States.  See 28 U.S.C. § 1391(e).  Under this

jurisdictional provision, the action may be brought in "any judicial district in which  . . . the

plaintiff's resides."  28 U.S.C. § 1391(e)(3).  Here, the petitioner is currently incarcerated in a

Bureau of Prison's facility located in the Northern District of Ohio.  In re Pope, 580 F.2d 620,

622 (D.C. Cir. 1978) ("for purposes of the general venue statutes a prisoner has his residence at

his place of confinement."). Therefore, this action could have properly been filed in that district.

See Liban v. Churchey Group II, L.L.C., No. Civ. A. 03-242, 2004 WL 360285 at * 4 (D.D.C.

Feb. 26, 2004) (Urbina, J.) (citing Van Dusen v. Barrack, 376 U.S. 612, 613 (1964); Trout

Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996)).

Second, the interest of the parties and the public favor transferring this case. In balancing

these interests, this Court has noted "[a]lthough convenience of the parties, convenience of the

witnesses, and the interests of justice are the three principle factors to consider in determining

whether to transfer a case, courts have also considered 'various other factors, including the

private interests of the parties and the public interests of the court,' as additional considerations

'protected by the language of Section 1404(a).'" McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d

33 (D.D.C. 2003) (citing Trout Unlimited v. United States Dep't of Agriculture, 944 F. Supp. 13,

16 (D.D.C. 1996) (citations omitted)). Such factors include:

> (1) the [petitioner's] choice of forum, unless the balance of convenience is strongly in
> favor of the [respondents]; (2) the [respondents'] choice of forum; (3) whether the claim
> arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses
> of the plaintiff and defendant, but only to the extent that the witnesses may actually be
> unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

Trout Unlimited, 944 F. Supp. at 16.

Here, all of these factors favor this case being transferred. The petitioner is incarcerated in

a Bureau of Prisons facility located in the Northern District of Ohio. Resp. Mot. at 3. And, all of

the files and prison records pertaining to the petitioner are located in that district. Id. at 4. In

addition, the District of Columbia Circuit has acknowledged that "[t]he burdens and dangers

involved in transporting a prisoner across long distances are . . . a significant inconvenience to

the Bureau of Prisons and will normally justify transfer." Starnes v. McGuire, 512 F.2d 918, 931

4

(D.C. Cir. 1974). Moreover, there is simply no nexus between any of the events that are the subject of this action and the District of Columbia. In fact, the petitioner's criminal sentence was imposed by a district court judge in the Eastern District of New York. Resp. Mot. at 1. And this case does not implicate, in any manner, the law of this Circuit. While this Court acknowledges that the petitioner's choice of forum is entitled to deference, no such deference need be accorded here since there are "'no meaningful ties to the controversy and no particular interest in the parties or the subject matter . . . '" in this district. Greater Yellowstone Coalition, 180 F. Supp. 2d at 128. Accordingly, it is appropriate to transfer this action to the Northern District of Ohio. See Rogers v. Federal Bureau of Prisons, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (noting that when "an inmate not incarcerated in the District of Columbia brings a petition for mandamus or declaratory judgment seeking resolution of issues not related to the District of Columbia, the court should, absent extraordinary circumstances, transfer the action as a matter of course to the district of confinement.") (citing Starnes v. McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974); Young v. Dir., U.S. Bureau of Prisons, 367 F.2d 331, 332 (D.C. Cir. 1966)).

For the reasons set forth above, it is hereby this 1st day of August, 2006,

**ORDERED** that the defendant's motion to transfer the case is **GRANTED**.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge